THE PINE SPRING SANATARIUM COMPANY

*vs.*

THE GRAND TRUNK RAILWAY COMPANY.

Androscoggin.    Opinion March 25, 1921.

*For injury done to the property of another by fire communicated by a locomotive engine the user of the engine is liable, a statute making it in effect an insurer.*

For injury done to the property of another by fire communicated by a locomotive engine the user of the engine is liable, a statute making it in effect an insurer.

Predicated on the premise that defendant's locomotive engine set the fire which burned over about three-fourths of an acre of land, doing it damage besides killing one hundred or less pine and other timber trees together with a larger number of a smaller growth suitable for fuel, plaintiff, as the owner of the land, brought this action to recover damages.

The jury found for plaintiff. Such finding, as the case is seen on review, is supported by a fair preponderance of proof, in nature both direct and deducible by inference. The amount of damages, fixed by the jury at $380.00, is not shown to be inordinate.

On motion for a new trial. This is an action to recover damages to trees, growth, and land of plaintiff caused by fire alleged to have been communicated by a locomotive engine of defendant. The jury returned a verdict for plaintiff of $380, and defendant filed a general motion for a new trial. Motion overruled.

Case stated in the opinion.

*Frank A. Morey,* for plaintiff.

*H. P. Sweetser, and Dana S. Williams,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

DUNN, J.   For injury done to the property of another fire communicated by a locomotive engine the user of the engine is liable, (R. S., Chap. 57, Sec. 63), the railroad being made in effect an insurer. *Dyer* v. *Maine Central Railroad Co.,* 99 Maine, 195; *Farren* v. *Maine Central Railroad Co.,* 112 Maine, 81.

On one day in May, 1920, the defendant owned and operated a steam railroad extending from Portland through Auburn to Montreal. In Auburn the railroad location adjoined a lot of land belonging to this plaintiff, on which grass and trees were growing. Fire, which caught in that grass, nearby the track, and thence ran across the meadow to and into the woods, burned over about three-fourths of an acre of the land, doing it damage besides killing one hundred or less pine and other timber trees together with a larger number of a smaller growth suitable for fuel. To recover resultant damages plaintiff commenced this action, predicated on the premise that defendant's locomotive engine set the fire. The jury so found, and its finding, as the case is seen on review, is supported by a fair preponderance of proof, in nature both direct and deducible by inference.

Defendant strenuously argues that $380.00 is an excessively large award of damages. Other men, impaneled as triers of fact, upon like evidence might and likely would differently measure the extent of the loss. Yet this would signify nothing more than that human agency cannot always make an estimate of damage and express it in dollars, with uniform exactness. The confronting and controlling situation in this case is, that the award bespeaks the judgment of a tribunal which constitutional guarantees have provided for the determination of such questions, and the amount of the award is not shown to be inordinate.

*Motion overruled.*